**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CRIMINAL ACTION NO: 5:25-CR-134-REW-MAS**          **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**VS.**

**BRIAN EPPERSON**                                                                           **DEFENDANT**

**JOINT MOTION TO CONTINUE TRIAL**

**\*\*\*\*\*\*\*\*\*\***

Comes now the Defendant and the United States through their respective counsel and hereby move this Court to continue the trial in the above styled matter which is presently set to begin on May 6, 2026.  As grounds for this Motion, the parties state as follows:

In this case, supplemental discovery was received a couple weeks ago, which includes phone analysis for two (2) of the victims' phones which contain a significant amount of data. Mr. Epperson needs to be able to fully review this evidence as it can affect his options, and the consequences/benefits of any decision he makes. Further, several items have now been identified for testing by the defense.

In addition, a proposed plea was provided last week.  The terms of this agreement will need significant time to discuss with the Defendant so that he understands his rights thereunder, such that he can make an informed decision. As such, it appears that under *18 U.S.C. §3161(h)(7)(A)-(B),* the ends of justice and the best interest of the public would be served by a continuance in this matter.  As there are multiple victims in this matter, full review of the records is required and is more extensive than usual.  Considering the allegations in the indictment, the nature of them, the

1

number of alleged victims, the medical and chemical analysis, and the additional electronic evidence provided, more time is necessary to ensure the Defendant has the time to review the new information.  Further, Defendant's counsel's mother, for whom she provides care, was taken to the emergency room the first week of March and then kept in the hospital for an extended time before being taken to a skilled nursing rehabilitation approximately a week ago.    This did significantly affect defense counsel's schedule Thus, a continuance is in the interest of justice, and a continuance of the trial is necessary and said time is excludable under *18  U.S.C. §3161(h)(7)(A)*.   This matter has been discussed with the client who has no objection.

Finally, as the Court knows, *18 U.S.C. §3161(c)(1)* requires that a trial be held within 70 days of a defendant's arraignment.  In this case, Mr. Epperson was arraigned on November 24, 2025.  As of today, 54 days have run on that clock. Therefore, at this time, the parties are requesting a continuation of approximately 120 days - until the 3rd or 4th week of July 2026 or the week of August 4, 2026, if possible.  Such a continuance would enable the Defendant to complete his review of the discovery including the supplemental discovery and for the parties to continue to discuss a resolution.

**WHEREFORE**, the parties respectfully request that this trial be continued for approximately 120 days.

Respectfully submitted,

BALDANI LAW GROUP
300 West Short Street
Lexington, KY  40507
859-259-0727
Rachel@baldanilaw.com

BY:/S/ RACHEL D. YAVELAK

2

and

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

By: *s/ G. Todd Bradbury*
  Assistant United States Attorney
  260 W. Vine St., Suite 300
  Lexington, KY 40507
  Tel: (859) 685-4898
  Gary.T.Bradbury@usdoj.gov

## CERTIFICATE

I do hereby certify that I filed the foregoing motion with the Clerk of Court on the 3rd day of April 2026 using the CM/ECF system which will send electronic notice of same to the Hon. Todd Bradbury and Rachel Yavelak.

        /s/ Rachel D. Yavelak